UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANGELO ROYSTER,

  Plaintiff,

v.              Case No. 2:05-cv-107
                HON. GORDON J. QUIST

BADAWI ABDELLATIF, et al.,

  Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from the plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

  Plaintiff has failed to establish that he exhausted his grievance remedies. Plaintiff had the burden of establishing that he exhausted his grievance remedies at the time he filed his complaint. Plaintiff failed in showing that he exhausted each claim against each defendant. Plaintiff's complaint is appropriately dismissed under *Jones Bey v. Johnson*, 405 F.3d 801 (6th Cir. 2005).

  Moreover, plaintiff failed to show that he suffered with a serious medical need. Plaintiff received health care and although his eye examination was delayed, plaintiff did not suffer with a serious medical need related to his eye examination. Plaintiff complains that he had to endure

eye pain.  However, he had pain medication available through the prison store, at all times before and after his eye examination.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion to dismiss, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion to dismiss, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

Dated:  February 23, 2006             /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE